UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P129-R

**CLAUDE COX**                                                                                                          **PLAINTIFF**

v.

**LADONNA THOMPSON** *et al.*                                                                        **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). On review, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. For the reasons that follow, the complaint will be dismissed.

**I.**

Plaintiff Claude Cox is a convicted inmate currently incarcerated in the Kentucky State Penitentiary ("KSP"). He filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Kentucky Department of Corrections Commissioner LaDonna Thompson; KSP Mental Health employee Heather Mira; and KSP Warden Philip Parker in their individual capacities. He reports that he has been incarcerated at KSP since 2008 and states:

> I feel that my life is in danger here at KSP because I feel that every inmate and over half of the officer's are also out too get me and I am also dealing with a whole lot of mental problem's and they do not have any mental health doctor that can give us the proper mental health that we are entilted too by law and I had a transfer to go back too KSR [Kentucky State Reformatory] and the transfer was denide and I feel that my 8th amendment right is beening violated and my 11th, amendment right and my 5th amendment right is also being violated . . . .

As relief, Plaintiff seeks monetary and punitive damages and a transfer.

## II.

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). This means that Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). With respect to governmental officials, the Sixth Circuit noted:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such

activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Chapman*, 808 F.2d at 465.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff has alleged no facts involving any Defendant. Plaintiff asserts nothing more than conclusory allegations of denied mental health treatment and a fear for his life. He wholly fails to articulate any serious medical need; fails to indicate any factual basis for believing his life is in danger; and fails to specify any dates of any incidents or name any persons involved in his claims. The Sixth Circuit has held that allegations such as these fail to state an adequate claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) ("However, we need not accept as true legal conclusions or unwarranted factual inferences.").

Plaintiff has failed to give each Defendant fair notice of his claims and the grounds upon which they rest. Before dismissing the action, the Court will provide Plaintiff with an opportunity to amend his complaint to state specific facts against each Defendant.

**IT IS THEREFORE ORDERED** that within **30 days** from entry of this Opinion and Order, Plaintiff may amend his complaint to provide a factual basis for his claims.  **Plaintiff is WARNED that his failure to file an amended complaint within the time allowed will result in dismissal of the entire action for the reasons set forth herein.**

The **Clerk of Court is DIRECTED** to write "Amended Complaint" and affix this case number in the caption of a blank 42 U.S.C. § 1983 form and mail it to Plaintiff for his use should he desire to amend the complaint.

Date:

cc:     Plaintiff, *pro se*
4413.005