UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P129-R

**CLAUDE COX**                                                                     **PLAINTIFF**

v.

**LADONNA THOMPSON** *et al.*                                 **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of the amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff Claude Cox is a convicted inmate currently incarcerated in the Kentucky State Penitentiary ("KSP"). He filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Kentucky Department of Corrections Commissioner LaDonna Thompson; KSP Mental Health employee Heather Mira; and KSP Warden Philip Parker in their individual capacities. He reported that he has been incarcerated at KSP since 2008 and stated:

> I feel that my life is in danger here at KSP because I feel that every inmate and over half of the officer's are also out too get me and I am also dealing with a whole lot of mental problem's and they do not have any mental health doctor that can give us the proper mental health that we are entilted too by law and I had a transfer to go back too KSR [Kentucky State Reformatory] and the transfer was denide and I feel that my 8th amendment right is beening violated and my 11th, amendment right and my 5th amendment right is also being violated . . . .

As relief, Plaintiff sought monetary and punitive damages and a transfer.

By Opinion and Order entered December 21, 2011, the Court conducted an initial review of the complaint pursuant to § 1915A and *McGore*, 114 F.3d 601. On review, the Court concluded as follows:

> Plaintiff has alleged no facts involving any Defendant. Plaintiff asserts nothing more than conclusory allegations of denied mental health treatment and a fear for his life. He wholly fails to articulate any serious medical need; fails to indicate any factual basis for believing his life is in danger; and fails to specify any dates of any incidents or name any persons involved in his claims. The Sixth Circuit has held that allegations such as these fail to state an adequate claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) ("However, we need not accept as true legal conclusions or unwarranted factual inferences.").
>
> Plaintiff has failed to give each Defendant fair notice of his claims and the grounds upon which they rest. Before dismissing the action, the Court will provide Plaintiff with an opportunity to amend his complaint to state specific facts against each Defendant.

The Court, therefore, granted Plaintiff additional time within which to amend his complaint to provide a factual basis for his claims.

Thereafter, Plaintiff filed an amended complaint. This time, however, he names the following three new individuals as Defendants: Dustin Clark, "7 c/h U.A." at KSP; Allan Brown, Deputy Warden at KSP; and J. Patrick, "cto caseworker" at KSP. He names each Defendant in his or her individual and official capacities.

Factually, Plaintiff reports that he was placed in the hole on December 22, 2011, for suicidal thoughts. He states that he spoke with Defendant Mira, one of the original Defendants, "and she took me off the watch and now they do not want to let me out and I have been in the whole now 33 day's and I was told I was here untill Feb. which will make 60." Plaintiff claims that "they are violating my 8th - 14th - 18th - 16th civil right's because I have not brocken any of their rules to be kept in seg for 60 for no reason." He states, "I still feel that the staff and the

officer's are out to get me just like some of the other inmate's are I feel my life in danger down here at K-S-P.  But they will not transfer me."

As relief in the amended complaint, Plaintiff again requests monetary and punitive damages and a transfer.

## II.

As the Court previously advised Plaintiff, it must construe *pro se* complaints liberally. Plaintiff, however, is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.  Some factual basis for such claims must be set forth in the pleadings."  *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983).  A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'"  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  This means that Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right."  *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002).  The Court is not required to accept

3

non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

> With respect to governmental officials, the Sixth Circuit noted:
>
> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Chapman*, 808 F.2d at 465.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Defendants Thompson, Parker, Clark, Brown, and Patrick

In the complaint and amended complaint, Plaintiff mentions only Defendant Mira in the body of the complaint. All of the other Defendants are listed only in the caption and parties' section of the complaint and amended complaint. As Plaintiff has failed to give Defendants Thompson, Parker, Clark, Brown, and Patrick fair notice of his claims against them and the

grounds upon which they rest, the Court will dismiss the constitutional claims against them for failure to state a claim upon which relief may be granted.

### B. Defendant Mira

As to Defendant Mira, Plaintiff advises that she took him off suicide watch and "now *they* do not want to let me out and I have been in the whole now 33 day's and I was told I was here untill Feb. which will make 60" (emphasis added).

#### 1. Eighth Amendment

"An Eighth Amendment claim has two components, one objective and one subjective." *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). To satisfy the objective component, "'the inmate [must] show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Comstock*, 273 F.3d at 702-03.

In the context of a § 1983 claim for inadequate medical care, a prison official violates a prisoner's civil rights under the Eighth Amendment if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). While

Plaintiff reports that he was placed on suicide watch, he does not allege that he needed to continue being observed and fails to provide facts demonstrating Defendant Mira disregarded any substantial risk of harm to him in removing him from the watch.  He, therefore, has failed to state a claim of deliberate indifference to a serious medical need.

Plaintiff actually seems primarily upset that although he was taken off of suicide watch, he was kept in segregation for 60 days.  He has set forth no facts, however, indicating that he was deprived of the minimal civilized measure of life's necessities.  He has not alleged that he was denied basic human needs, such as water, food, shelter, medical treatment or personal safety.  Placement in segregation is a "routine discomfort" that is "'part of the penalty that criminal offenders pay for their offenses against society.'"  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).  Thus, Plaintiff's placement in segregation for 60 days is not a "sufficiently serious" deprivation rising to the level of an Eighth Amendment violation.

The Court further notes that in the amended complaint Plaintiff again states that "I feel my life in danger down here at K-S-P," but like in the complaint, he again fails to provide any facts surrounding that broad statement and fails to state a claim upon which relief may be granted.

### 2. Fourteenth Amendment

For a prisoner, a deprivation of a legally cognizable liberty interest occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).  Plaintiff has not described how his placement in the hole for a 60-day period imposes an atypical and significant

hardship on him in relation to the ordinary incidents of prison life.  Accordingly, he has failed to state a viable Fourteenth Amendment claim.

### 3.  Sixteenth and Eighteenth Amendments

The Sixteenth Amendment authorizes Congress to collect income taxes, while the Eighteenth Amendment, subsequently repealed by the Twenty-First Amendment, prohibited the manufacture or sale of intoxicating liquors.  Clearly, neither of these Amendments apply here, and the claims arising thereunder will be dismissed.

For all of the foregoing reasons, the instant action will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
4413.005